Bradford G. Hughes (State Bar No. 247141)
BHughes@ClarkHill.com
CLARK HILL LLP
1055 W. 7th Street, 24th Floor
Los Angeles, California 90017
Telephone: 213.891.9100
Facsimile: 213.488.1178

Gregory N. Longworth (*Pro Hac Vice to be filed*)
GLongworth@ClarkHill.com
CLARK HILL PLC
200 Ottawa NW, Suite 500
Grand Rapids, Michigan 49503
Telephone: 616.608.1100
Facsimile: 616.608.1199

John J. Bursch (*Pro Hac Vice to be filed*)
JBursch@burschlaw.com
BURSCH LAW PLLC
9339 Cherry Valley Ave. SE, #78
Caledonia, MI 49316
Telephone: 616.450.4235

Attorneys for Plaintiff and Proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STACY PENNING, AS INDIVIUAL; AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021; SERVICE EMPLOYEES INTERNATIONAL UNION,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S CLASS-ACTION COMPLAINT** |

**INTRODUCTION**

On June 27, 2018, the United States Supreme Court decided *Janus v. AFSCME*, 138 S. Ct. 2448 (2018), holding that an agency-fee scheme violates the free speech rights of public employees who elect not to join a public-sector union and who do not affirmatively consent to pay agency fees.

///

1

# PARTIES

1. Plaintiff Stacy "Ed" Penning resides in the Contra Costa County, California. Mr. Penning was at all times relevant hereto, an employee of the City and County of San Francisco working for the San Francisco Public Utilities Commission. As such, Mr. Penning was a "local employee" within the meaning of the CAL. GOV'T. CODE § 3508.5. He is not and was not a member of the union representing employees at his workplace and has not affirmatively consented to pay agency fees to the union. Yet, prior to *Janus* he was required, as a condition of his employment, to pay service or agency fees to SEIU, Local 1021 ("Local 1021"), portions of which were forwarded to Service Employees International Union ("SEIU").

2. Defendant Local 1021 is an "employee organization" as defined by CAL. GOV'T. CODE § 3501(a), and has been recognized as the exclusive representative under said law for collective bargaining purposes of many local employees including Plaintiff Penning. Prior to *Janus*, it received a portion of the service or agency fees that were extracted from Plaintiff Penning and other employees under California agency-shop laws. On information and belief, Local 1021 is a nonprofit corporation formed and existing under the laws of the State of California and conducts its business and operations throughout the State of California. Local 1021 forwarded to SEIU a portion of the service or agency fees Local 1021 collected.

3. Defendant SEIU is a labor union organization having more than 21 million members who are public workers, healthcare workers, building service workers, office workers, professional workers, and industrial and allied workers. SEIU charged a per capita tax from all of its local unions, including Local 1021, for each service or agency fee payer such as Plaintiff.

## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 1367, and 2201.

5. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) because one or both of the defendants resides in this judicial district and both defendants are a resident of this State (within the meaning 28 U.S.C. § 1391(c)) and because a substantial part of the events or omissions

giving rise to the claim occurred and a substantial part of property that is the subject of this action is situated, in this judicial district.

**GENERAL ALLEGATIONS**

6. While a local employee may choose not to join or participate in the activities of employee organizations, under CAL. GOVT. CODE § 3508.5, the local employee's employer deducted a service or agency fee from the local employee's wages and provided the agency fees to the employee organization.

7. Plaintiff chose not to join Local 1021 or SEIU. Nevertheless, under CAL. GOVT. CODE §§ 3508.5, his employer withheld from his wages service or agency fees and paid those fees to Local 1021.

8. This agency-fee scheme violated the free speech rights of Plaintiff by compelling him to subsidize private speech on matters of substantial public concern, as the Supreme Court recognized in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). No compelling or otherwise sufficient governmental interest justifies the compulsory political representation imposed on Plaintiff and other workers that are similarly situated. *Id.* at 2463-65. As a result, "public-sector agency-shop arrangements" like the one here "violate the First Amendment." *Id.* at 2478.

9. Plaintiff is bringing this action at this time to preserve the class members' ability to seek retrospective relief against the defendants for as far back as the applicable statutes of limitations will allow. Plaintiff was a named plaintiff in the putative class action case *Gabriele, et al. v. Service Employees International Union, Local 1000, et al.*, Case No. 2:19-cv-292-MCE-KJN (E.D. Cal), filed on February 14, 2019. By way of an order dated June 6, 2019, the court in *Gabriele* severed Penning's claims and dismissed his claims without prejudice.

**CLASS ALLEGATIONS**

10. Plaintiff brings this class action under Fed. R. Civ. P. 23(b)(1)(A), (b)(2), and (b)(3). The class comprises each individual who: (1) is not a member of a union; (2) has had service or agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to one of the Defendant Unions; and (3) has not affirmatively consented in

writing to pay the fees. The class includes everyone who comes within the class definition at any time covered by the claims and until the conclusion of this action.

11. Plaintiff also asserts the following subclasses:

    a. The "Local 1021 Subclass" comprises each individual who: (1) is not a member of Local 1021; (2) has had service or agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to Local 1021; and (3) has not affirmatively consented in writing to pay the fees.

    b. The "SEIU Subclass" comprises each individual who (1) is not a member of an SEIU local union; (2) has had service or agency fees deducted from the money paid to him/her by his/her employer, a portion of which fees have been remitted to SEIU; and (3) has not affirmatively consented in writing to pay the fees.

12. The number of persons in the class and each subclass makes joinder of the individual class members impractical.

13. There are questions of fact and law common to the class and the subclasses. Factually, all class and subclass members are public employees and union nonmembers compelled to pay service or agency fees to Defendants as a condition of employment. Legally, the U.S. Constitution affords the same rights under the First Amendment to every member of the class as the Supreme Court recently held in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). Among the common questions are: (1) whether the requirement of paying service or agency fees is constitutional; (2) whether the withholding of the service or agency fee is a tort under state law; and (3) whether Defendants are obligated to refund fair share fees that have been unlawfully extracted.

14. Plaintiff's claims are typical of other members of the class and the respective subclasses because each member of the class or subclass has declined to join a union, yet was forced under state law and contract provisions to financially support the union and its inherently political activities.

15. Plaintiff adequately represents the interests of the class and the respective subclasses and has no interests antagonistic to the class. Further, the undersigned counsel is

experienced in the litigation of constitutional deprivations, including First Amendment claims, and class action litigation.

16. A class action may be maintained under Rule 23(b)(1)(A) because separate actions by class and subclass members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

17. A class action may be maintained under Rule 23(b)(2) because final injunctive relief and corresponding declaratory relief is appropriate respecting the class and subclasses as a whole. Plaintiff and the class are also entitled to recover incidental monetary relief that will not involve individualized determinations concerning Plaintiff's and the class members' entitlement to monetary relief.

18. A class action may be maintained under Rule 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual members. In addition, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Among other things, all class and subclass members are subjected to the same violation of their constitutional rights but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

19. Plaintiff, by and through his counsel of record, maintains that the class action could be maintained without notice to the proposed class under FRCP 23(b)(1) or (2). To the extent notice is required, Plaintiff, by and through their counsel of record, will obtain court approval of the manner and nature of the notice to be given.

**CAUSES OF ACTION**

**Count I – Section 1983**

20. Plaintiff alleges and incorporates by reference all preceding paragraphs of his Complaint.

21. Defendants are acting under the color of state law by causing, participating in, and accepting the compulsory deduction of service or agency fees from monies owed to the Plaintiff and the class members. Specifically, Plaintiff's and the class members' public employers were

assisting the Defendant Unions in coercing Plaintiff and the class members to finance the union's activities, and the unions were acting in concert with a public agency, and with authority granted by statute to deprive Plaintiff and the class members of their constitutional rights.

22. Defendants, acting under color of state law, have created, administered, and enforced laws unlawfully requiring Plaintiff and the class members to pay service or agency fees to the Defendant unions as condition for Plaintiff's and the class members' employment. In so doing, Defendants have violated and continue to violate Plaintiff's and the class members' First Amendment Rights to free speech and association as secured by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

23. State law and collective-bargaining agreements permitting and imposing compulsory service or agency fees on public employees who do not wish to associate or support a union are not narrowly tailored to serve a compelling government interest.

24. By compelling Plaintiff and the class members to financially support the unions, including for purposes of speaking to, petitioning, and otherwise lobbying the Plaintiff's and the class members' employers or Trustees with respect to political matters such as the negotiation and enforcement of collective bargaining rights and obligations, Defendants are abridging and violating the rights of Plaintiff and the class members to freedom of association and freedom of speech, and to petition the government for redress of grievances under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

25. Defendants have violated Plaintiff's and the class members' First Amendment rights of freedom of speech and association as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

26. Plaintiff and the class members are entitled to recover the service or agency fees they were required to pay by way of restitution, refund, damages, and/or otherwise.

## SECOND CAUSE OF ACTION

### (Conversion)

27. Plaintiff alleges and incorporates by reference all preceding paragraphs of his Complaint.

28.  Plaintiff and the class members, at all times relevant hereto, owned and/or had the sole right to possession of the monies withheld from them in the form of service or agency fees paid to the defendant unions or trustees.

29.  Defendants wrongfully dispossessed Plaintiff and the class members of monies by imposing unlawful service or agency fees against them as condition of their employment.

30.  As a direct and proximate result of the above wrongful conduct of Defendants, Plaintiff and the class members have been damaged in an amount to be proven at trial, but not less than the full amount of monies withheld from them in the form of service or agency fees paid to Defendants.

## THIRD CAUSE OF ACTION

### (Restitution of Money Had and Received)

31.  Plaintiff alleges and incorporates by reference all preceding paragraphs of his Complaint.

32.  Defendants received monies in the form of unlawful service or agency fees from Plaintiff.

33.  Defendants' imposition and collection of the service or agency fees violates Plaintiff's and the class members' First Amendment Rights and is, therefore, unconstitutional.

34.  At all times relevant hereto, the monies Defendants received belonged to and were for the use of Plaintiff and the class members.

35.  Defendants are indebted to Plaintiff and the class members in the amount of the service or agency fees they obtained on account of Plaintiff and the class members.

36.  By this Complaint, Plaintiff and the class members demand restitution from Defendants for all service or agency fees obtained by Defendants.

## DEMAND FOR RELIEF

Plaintiff respectfully requests this Court:

A.  Certify a class and subclasses consistent with the definitions stated in this Complaint.

B.  Issue a declaratory judgment against Defendants providing that:

      1.    It is unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to withhold or require payment of service or agency fees from Plaintiff and the class members;

      2.    The provisions of CAL. GOV'T CODE §§ 3508.5, 3515 that allow the imposition of fair share service fees are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

      3.    Any collective bargaining agreement provision imposing fair share service fees or agency fees against Plaintiff or the class members is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

C.    Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from collecting or receiving service or agency fees from Plaintiff or the class members.

D.    Order Defendants to disgorge, refund, or otherwise repay to Plaintiff and the class members all service or agency fees unlawfully withheld or collected (directly or indirectly) from Plaintiff and the class members, along with pre-judgment and post-judgment interest.

E.    Award Plaintiff legal and equitable relief under 42 U.S.C. § 1983.

F.    Award Plaintiff his reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

G.    Award any other relief this Court deems just and proper.

Dated:  June 21, 2019                CLARK HILL LLP

By: *[signature]*

Bradford G. Hughes

Attorneys for Plaintiff and Proposed Class