United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STACY PENNING,**<br><br>　　　　Plaintiff**,**<br><br>　　vs.<br><br>**SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021, ET AL.,**<br><br>　　　　Defendants**.** | CASE NO. 19-cv-03624-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO FILE STATEMENTS OF RECENT DECISION**<br><br>Re: Dkt. No. 22, 31, 32 |

Presently pending before the Court is the motion of defendants Service Employees International Union, Local 1021, and Service Employees International Union to dismiss plaintiff Stacey Penning's complaint. (Dkt. No. 22.) Having considered the papers and underlying evidence filed in support of and in opposition to the motion, the arguments of the parties on December 10, 2019, and the recently issued authorities,[1] and for the reasons set forth herein, the Court **GRANTS** the motion to dismiss **WITHOUT LEAVE TO AMEND**.

Plaintiff alleges, on behalf of himself and a putative class of non-members of the union defendants, claims for: (1) violation of 42 U.S.C. section 1983; (2) the federal Declaratory Judgment Act, 28 U.S.C. § 2201; (3) state law conversion, and (4) a state law common count for restitution of money had and received. Plaintiff alleges that his employer, the San Francisco Public Utilities Commission, withheld fair-share fees from his wages and forwarded them to Local 1021, the exclusive collective bargaining representative for public sector employees in his unit, to pay for Local 1021's collective bargaining activities. Plaintiff contends that the compulsory collection of fair-share fees violates his constitutional rights under *Janus v. AFSCME Council 31*,

---

[1] Defendants' requests to file statements of recent decisions (Dkt. Nos. 31 and 32) are **GRANTED**.

138 S.Ct. 2448 (2018) ("*Janus*") and seeks declaratory and injunctive relief against compulsory fair-share fees, retrospective refunds of fees previously collected.

Defendants move under Fed. R. Civ. Proc. ("FRCP") 12(b)(1) to dismiss plaintiff's claims on three separate grounds. First, they move to dismiss claims for declaratory and injunctive relief on the ground that this Court lacks subject-matter jurisdiction over those claims. Next, they move to dismiss plaintiff's claim for retrospective monetary relief under Section 1983 pursuant to the "good faith" defense. Finally, defendants move to dismiss plaintiff's state law claims on the grounds that those claims are preempted by the Meyers-Milias-Brown Act and barred by California Government Code §1159.

Plaintiff's claims for prospective relief fail because they are moot. All fair-share fee deductions from plaintiff and the putative class members ceased when the United States Supreme Court issued its decision in *Janus*, i.e. nearly one year *before* plaintiff filed his complaint. Accordingly, there is no reasonable likelihood of such deductions recurring since *Janus* declared them unconstitutional. "[E]very other district court to consider this issue has found claims for prospective relief moot after *Janus*." *Babb v. Cal. Teachers Ass'n*, 378 F. Supp. 3d 857, 871 (C.D. Cal. 2019) (citing cases), *appeal pending*, No. 19-55692 (9th Cir.); *Danielson v. AFSCME Council 28*, 340 F. Supp. 3d 1083, 1084 (W.D. Wash. 2018), *affirmed Danielson v. Inslee*, No. 18-36087, 945 F.3d 1096, __, 2019 WL 7182203 at *2 n.2 (9th Cir. Dec. 26, 2019) (noting that plaintiffs do not contest the dismissal of their claims for declaratory and injunctive relief). This Court agrees that the claims for prospective relief are moot.

With respect to the claims for repayment of fair-share fees previously deducted before *Janus*, the good faith doctrine precludes such relief under section 1983. As the Ninth Circuit recently held last month, affirming dismissal of a similar post-*Janus* action:

> a union defendant can invoke an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees it collected pre-*Janus*, where its conduct was directly authorized under both state law and decades of Supreme Court jurisprudence. The Union was not required to forecast changing winds at the Supreme Court and anticipatorily presume the overturning of *Abood*. Instead, we permit private parties to rely on judicial pronouncements of what the law is, without exposing themselves to potential liability for doing so.
> * * *

2

> The ability of the public to rely on the courts' pronouncements of law is integral to the functioning of our judicial system. After all, "[i]t is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). If private parties could no longer rely on the pronouncements of even the nation's highest court to steer clear of liability, it could have a destabilizing impact on the judicial system.
>
> Because the Union's action was sanctioned not only by state law, but also by directly on-point Supreme Court precedent, we hold that the good faith defense shields the Union from retrospective monetary liability as a matter of law. In so ruling, we join a growing consensus of courts across the nation

*Danielson*, 945 F.3d 1096, __, 2019 WL 7182203, at *3, 7. Consequently, the Court finds that plaintiff's claims for retrospective relief pursuant to section 1983 fail as a matter of law.

Finally, with respect to plaintiff's claims for retrospective relief under state law, such claims are preempted by the Meyers-Milias-Brown Act, Cal. Gov't Code §§ 3500-11, and barred by California Government Code § 1159. *See Babb*, 378 F. Supp. 3d at 877, 878 (claims must be dismissed based both on preemptive effect of state's public employee collective-bargaining statute over state common law refund claims, and on Government Code § 1159 expressly barring such claims).

Because the Court finds all of plaintiff's claims must be dismissed as a matter of law and any amendment would be futile, no leave to amend is permitted.

This action is **DISMISSED** and the Clerk is directed to close the file.

This Order terminates Docket No. 22, 31, and 32.

**IT IS SO ORDERED.**

Dated: January 16, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**